In the Matter of the CITY OF ROCHESTER, Appellant.
HYMAN COHEN, Respondent.

*Eminent domain — condemnation proceedings — costs — power of court
to grant additional allowance.*

*Matter of City of Rochester*, 219 App. Div. 857, affirmed.
(Argued October 5, 1927; decided October 25, 1927.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the fourth judicial
department, entered March 16, 1927, which affirmed an
order of the Monroe County Court granting a motion
by the respondent herein for costs and an additional
allowance in condemnation proceedings.

The following question was certified: " Had the court
power and jurisdiction to grant the additional allowance
of costs which was granted to Hyman Cohen in this
proceeding? "

*Clarence M. Platt, Corporation Counsel (Charles B.
Forsyth* of counsel), for appellant.

*Daniel J. O'Mara* for respondent.

Order affirmed, with costs; question certified answered
in the affirmative; no opinion.

Concur: POUND, CRANE, ANDREWS, LEHMAN, KELLOGG
and O'BRIEN, JJ.   Not voting: CARDOZO, Ch. J.

---

In the Matter of W. R. GRACE & Co., Respondent,
against MITSUBISHI SHOJI KAISHA, LTD., Appellant.

*Contract — arbitration — contract for purchase and sale of goods con-
taining arbitration clause — dispute as to sufficiency of quantity
delivered — ordered that arbitration proceed.*

*Matter of Grace & Co.* v. *Mitsubishi Shoji Kaisha, Ltd.*, 220 App.
Div. 820, affirmed.
(Argued October 5, 1927; decided October 25, 1927.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
June 10, 1927, which reversed an order of Special Term

Prepared by State Reporter from Appeal Papers

denying a motion, by respondent, to compel the appellant to proceed to arbitration and granted said motion. The parties hereto had entered into a written contract for the purchase and sale of goods containing a clause providing that " any dispute arising under this agreement shall be settled by arbitration." The purchaser claimed that the seller had failed to deliver the required amount of goods, while the seller contended that delivery was in accordance with the precise terms of the contract.

*Howard C. Kelly* for appellant.

*William F. Cogswell* and *Andrew B. Shea* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of the Application of WILLIAM T. FRECH, Appellant, for the Appointment of Successor Trustees under the Will of JOHN J. FRECH, Deceased.

HENRY H. FRECH, Respondent.

*Decedent's estate — trustees — appointment of successor trustees to sell real estate after death of life beneficiary properly denied.*

*Matter of Frech*, 220 App. Div. 126, affirmed.

(Argued October 5, 1927; decided October 25, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 18, 1927, which reversed a decree of the New York County Surrogate's Court in so far as it appointed successor trustees under the will of John J. Frech, deceased, to sell real estate and pay over the proceeds. The respondent herein objected to the appointment of successor trustees on the ground that the will provided for a sale only by the original trustee and that the corpus of the estate was in the remaindermen subject only to the interest of the life beneficiary who had died, and hence no necessity or authority existed for the appointment of successor trustees.